UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMEX LICENSING CORPORATION, : | |
|     Plaintiff and : | |
|     Counterclaim Defendant, : | |
| v. : | CIVIL ACTION NO. |
| : | 3:07-cv-01731 (VLB) |
| ADVANCE WATCH COMPANY, LTD. : | |
| : | |
|     Defendant and : | August 10, 2010 |
|     Counterclaim Plaintiff. : | |

**MEMORANDUM OF DECISION GRANTING THE DEFENDANT AND
COUNTERCLAIM PLAINTIFF'S MOTION TO CONFORM THE PLEADINGS
[DOC. # 163]**

The Defendant and Counterclaim Plaintiff, Advance Watch Company, LTD. ("Advance"), moves, pursuant to Federal Rule of Civil Procedure 15(b)(2) to conform its pleadings to the proof provided at trial to also allege an affirmative defense of modification, and a counterclaim for anticipatory repudiation of a licensing agreement that is at issue in a breach of contract proceeding. [Doc. #163]. Advance's motion relates to a case that was tried to the court from July 14, 2009 until August 7, 2009 and for which closing oral arguments were held on October 21, 2009. For the foregoing reasons, Advance's motion is granted.

**Background**

The Plaintiff and Counterclaim Defendant, Timex Licensing Corporation ("Timex") asserts a breach of contract, due to Advance's alleged failure to pay minimum royalties pursuant to a January 1, 2003 licensing agreement that

1

authorized Advance to manufacture and sell wall clocks, alarm clocks, and anniversary clocks with the Timex and Indiglo trademarks.  Advance in turn asserts counterclaims for breach of the licensing agreement, breach of implied covenant of good faith and fair dealing, tortious interference with existing and prospective contractual relations, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110(a) et seq. and the Connecticut Uniform Trade Secrets Act (CUTSA), Conn. Gen. Stat. § 35-50 et seq. due to Timex's alleged disclosure of Advance's confidential information.

During the pendency of the trial, the parties offered testimony and documentary evidence regarding the terms of the licensing agreement, each party's respective compliance with the agreement, and the circumstances surrounding the termination of the parties' contractual relationship.  At the conclusion of the trial both parties sought and received leave to file Motions to Conform the Pleadings to the Proof pursuant to Federal Rule of Civil Procedure 15(b).  Advance subsequently filed the instant motion [Doc. #163] in accordance with the Court's leave.[1]

---

[1] Timex has also filed a Motion to Conform the Pleadings [Doc. #166] which the Court has addressed in a separate memorandum of decision.

**Analysis**

Advance now seeks to conform the pleadings to the proof to allege, based upon evidence presented at trial, an affirmative defense of modification and a counterclaim for anticipatory repudiation. Advance argues that the parties "knowingly tried" its proposed affirmative defense of modification and counterclaim for anticipatory repudiation, and that Timex would not be prejudiced if the Court granted Advance's motion. [Doc. #164, pg. 2]. Advance seeks its motion pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, which provides:

> **(b) Amendments During and After Trial.**
>
> **(1) Based on an Objection at Trial.** If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice the party's action or defense on the merits. . .
>
> **(2) For Issues Tried by Consent.** When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move - at any time, even after judgment - to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

**Fed. R. Civ. Pro. 15(b).** The Second Circuit has explained that

> . . . leave to amend pleadings should be freely given when justice requires, the trial judge's discretion is broad and its sound exercise usually depends on the presence or absence of such factors as

> "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

Browning Debenture Holder's Committee v. DASA Corp., 560 F.2d 1078, 1086 (2d Cir. 1977) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). With regard to amendments made during and after trial however, this Court has cautioned that "Rule 15(b) motions, which are usually made at the conclusion of the plaintiff's case, are intended to correct the theory of an existing claim and not to assert new and different claims . . . [t]he purpose of Rule 15(b) is to allow the pleadings to conform to issues actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record." Pickwick Entertainment, Inc. v. Theiringer, 898 F.Supp. 75, 78 (D. Conn., 1995) (citing Browning, 560 F.2d at 1086.

As a result, for a Rule 15(b) motion to conform to the proof, a Court must consider:

> whether the new issues were tried by the parties' express or implied consent and whether the defendant "would be prejudiced by the implied amendment, i.e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory."

Browning, 560 F.2d at 1086 (quoting 3 Moore's Federal Practice P 15.13(2), at 993 (2d ed. 1966)). The Second Circuit has provided the following analytical framework that is particularly instructive on how to balance the considerations of consent by, and prejudice to, the non-moving party:

> The import of [Rule 15(b)] is that . . . (3) if the motion is made after trial, and the issues have been tried with the express or implied consent of the parties, the motion must be granted; (4) if the motion is made after trial, and the issues have not been tried with the express or implied consent of the parties, the motion may be granted if the party against whom the amendment is offered will not be prejudiced by the amendment and should be granted in the absence of such prejudice if the interests of justice so require.

<u>Hilburn by HIlburn v. Maher</u>, 795 F.2d 252, 264 (2d Cir. 1986).

While the parties had prior opportunities to amend their pleadings [Docs. ## 2, 46], the record lacks indication that Advance's failure to seek the presently requested amendment before now reflects bad faith, or a dilatory motive. As a result the Court's analysis centers on considerations of consent and undue prejudice. Timex, while protesting Advance's amendments to the extent that its own proposed amendments are barred, acknowledges that:

> All of the defenses and claims sought to be added by Timex and Advance succeed or fail based on the same set of facts concerning the parties' dealings with respect to the License Agreement. These issues were litigated to the fullest extent over the course of the lengthy trial . . . both sides presented evidence absent objection in an effort to show their own good faith, and their opponent's bad faith. All issues relating to the claims and defenses sought to be added by Timex and Advance were raised in a sufficiently clear and unambiguous way, because they are all the same.

[Doc. #171, pg. 3]. It is within this vein that the Court finds that Timex consented to and would not be prejudiced by the inclusion of Advance's proposed claims. With regard to Advance's proposed modification claim, Timex fully litigated the issue by focusing on a relevant "Waiver and Integration" section of the License Agreement that addresses modification, and by prompting witness testimony on the issue. Similarly, Timex used its direct and cross-examination of witnesses to

address the issue of anticipatory repudiation. Accordingly, the Court grants Advance's Motion to conform its pleadings to include these claims pursuant to Rule 15(b).

## Conclusion

Pursuant to the foregoing analysis, the Defendant and Counterclaim Plaintiff's Motion to Conform the Pleadings [Doc. #163] is hereby granted.

IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 10, 2010.