UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMEX LICENSING CORPORATION, | : | |
|     Plaintiff and | : | |
|     Counterclaim Defendant, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-01731 (VLB) |
| ADVANCE WATCH COMPANY, LTD. | : | |
| | : | |
|     Defendant and | : | August 10, 2010 |
|     Counterclaim Plaintiff. | : | |

## MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART THE PLAINTIFF AND COUNTERCLAIM DEFENDANT'S MOTION TO CONFORM THE PLEADINGS [DOC. # 166]

The Plaintiff and Counterclaim Defendant, Timex Licensing Corporation ("Timex"), moves, pursuant to Federal Rule of Civil Procedure 15(b), to conform its pleadings to the proof provided at trial in order to allege the affirmative defenses of unclean hands and equitable estoppel as to all counts, as well as additional claims of breach of contract, violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et. seq., and breach of the implied covenant of good faith and fair dealing [Doc. #166]. Timex's motion relates to a case that was tried to the court from July 14, 2009 until August 7, 2009 and for which closing oral arguments were held on October 21, 2009. For the foregoing reasons, Timex's motion is granted in part and denied in part.

1

**Background**

The Plaintiff and Counterclaim Defendant, Timex Licensing Corporation ("Timex") asserts a breach of contract, due to Advance's alleged failure to pay minimum royalties pursuant to a January 1, 2003 licensing agreement that authorized Advance to manufacture and sell wall clocks, alarm clocks, and anniversary clocks with the Timex and Indiglo trademarks. Advance in turn asserts counterclaims for breach of the licensing agreement, breach of the implied covenant of good faith and fair dealing, tortious interference with existing and prospective contractual relations, and violations of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq. and the Connecticut Uniform Trade Secrets Act (CUTSA), Conn. Gen. Stat. § 35-50 et seq., due to Timex's alleged disclosure of Advance's confidential information.

During the pendency of the trial, the parties offered testimony and documentary evidence regarding the terms of the licensing agreement, each party's respective compliance with the agreement, and the circumstances surrounding the termination of the parties' contractual relationship. At the conclusion of the trial both parties sought and received leave to file Motions to Conform the Pleadings to the Proof pursuant to Federal Rule of Civil Procedure 15(b) [Doc. #159]. Subsequently, Timex filed the instant motion [Doc. #166] in accordance with the Court's leave.[1]

**Analysis**

Timex now seeks to conform the pleadings to the proof to allege, based upon evidence presented at trial, the affirmative defenses of unclean hands and equitable

---

[1] Advance has also filed a Motion to Conform the Pleadings [Doc. #163] which the Court has addressed in a separate Memorandum of Decision.

estoppel, as well as counterclaims for breach of contract, violation of the CUTPA, and breach of the implied covenant of good faith and fair dealing. Timex argues that the facts of the proposed amendments are "identical to the fact issues that were litigated by consent of both parties", and therefore "no prejudice would result from granting this motion." [Doc. #167, pg. 4]. Timex seeks its motion pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, which provides:

> (b) Amendments During and After Trial.
>
> > (1) Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice the party's action or defense on the merits. . .
> >
> > (2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move - at any time, even after judgment - to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. Pro. 15(b). The Second Circuit has explained that

> . . . leave to amend pleadings should be freely given when justice requires, the trial judge's discretion is broad and its sound exercise usually depends on the presence or absence of such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

Browning Debenture Holder's Committee v. DASA Corp., 560 F.2d 1078, 1086 (2d Cir. 1977) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). With regard to amendments made during and after trial however, this Court has cautioned that "Rule 15(b) motions, which are usually made at the conclusion of the plaintiff's case, are intended to correct

the theory of an existing claim and not to assert new and different claims . . . [t]he purpose of Rule 15(b) is to allow the pleadings to conform to issues actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record." Pickwick Entertainment, Inc. v. Theiringer, 898 F.Supp. 75, 78 (D. Conn., 1995) (citing Browning, 560 F.2d at 1086).

As a result, for a Rule 15(b) motion to conform to the proof, a Court must consider:

> whether the new issues were tried by the parties' express or implied consent and whether the defendant "would be prejudiced by the implied amendment, i.e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory."

Browning, 560 F.2d at 1086 (quoting 3 Moore's Federal Practice § 15.13(2), at 993 (2d ed. 1966)). The Second Circuit has provided the following analytical framework that is particularly instructive on how to balance the considerations of consent by, and prejudice to, the non-moving party:

> The import of [Rule 15(b)] is that . . . (3) if the motion is made after trial, and the issues have been tried with the express or implied consent of the parties, the motion must be granted; (4) if the motion is made after trial, and the issues have not been tried with the express or implied consent of the parties, the motion may be granted if the party against whom the amendment is offered will not be prejudiced by the amendment and should be granted in the absence of such prejudice if the interests of justice so require.

Hilburn by HIlburn v. Maher, 795 F.2d 252, 264 (2d Cir. 1986).

While the parties had prior opportunities to amend their pleadings [Docs. ## 2, 46], the record lacks indication that Timex's failure to seek amendment before now reflects bad faith, or a dilatory motive. Accordingly, the Court's analysis shall center on considerations of consent and undue prejudice.

4

I. **Proposed Unclean Hands Affirmative Defense and Breach of Contract Claim**

The Court notes that two of Timex's proposed amendments, the inclusion of an affirmative defense of unclean hands and a breach of contract claim, are sought absent objection. The Court grants Timex's Motion to Conform the Pleadings to include the uncontested defense and claim pursuant to Rule 15(b).

II. **Proposed Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

The record indicates that Advance implicitly consented to the inclusion of a claim for breach of the implied covenant of good faith and fair dealing. The parties' Joint Trial Memorandum includes Timex's argument that Advance's failure to pay minimum royalties "[did] not comport with the standards of good faith and fair dealing . . ." [Doc. #113, pg. 112]. Courts have found consent to be implied in situations where a claim is "introduced outside the complaint – say, by means of a sufficiently pointed interrogatory answer or in a pretrial memorandum – and then treated by the opposing party as having being pleaded, either through his effective engagement of the claim or through his silent acquiescence." Silverstein, 522 F.Supp.2d at 604 (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995); see also Isik Jewelry v. Mars Media, Inc., 418 F.Supp.2d 112, 131 (E.D.N.Y. 2005) ("By engaging a theory of liability in a 'pretrial memorandum,' [defendant] impliedly consents to this Court's consideration of [the unpleaded issue].""))

The Court finds that Advance impliedly consented to Timex's proposed claim, and furthermore that Advance would not be prejudiced by this amendment. Advance, at a minimum, silently acquiesced to the inclusion of a claim that was present in a pre-trial memorandum that the parties jointly presented to the Court. Additionally, the facts relevant to Timex's alleged implied covenant claim are significantly similar to the breach of contract claim that was argued before the Court. Accordingly, Advance has had an opportunity to defend against the proposed claim and will not be prejudiced by this amendment. Therefore, the Court grants Timex's Motion to Conform the Pleadings to include this claim.

### III. Proposed Affirmative Defense of Equitable Estoppel

The Court finds that Advance did not expressly consent to the additional affirmative defense of equitable estoppel. Whether Advance consented impliedly, however, is less clear. As stated earlier, the Second Circuit has held that "[u]sually, consent may be implied from failure to object at trial to the introduction of evidence relevant to the unplead issue." Luria Brothers & Company, Inc. v. Allaince Assurance Co. Ltd., 780 F.2d 1082, 1089 (2d Cir. 1986). Advance's decision to not object to evidence of its post-July 2005 actions and statements relied upon by Timex was relevant to other claims and defenses, and therefore does not clearly indicate implied consent to the defense of equitable estoppel.

Even if Advance did not consent to this additional affirmative defense, the Court may, nevertheless, grant Timex's proposed amendment if Advance "will not be prejudiced by the amendment and should [grant the amendment] in the absence of such

prejudice if the interests of justice so require." Hilburn, 795 F.2d at 264. Timex rightfully notes, through reference to Advance's respective motion to conform the pleadings, that:

> …Advance itself seeks to add an affirmative defense of Modification and a claim of Anticipatory Repudiation, based on facts vigorously litigated [sic] by both sides regarding the parties' conduct relevant to the existence and/or termination of the Agreement.  For the reasons described in Advance's own Motion to Conform Pleadings to Proof, Timex's proposed defense of estoppels should be allowed.  Timex's estoppels claim relates to the same facts and legal issues as the modification defense and anticipatory repudiation claim Advance argues were consented at trial.  Advance never pleaded or argued the legal issues regarding modification or anticipatory repudiation prior to the time of trial; therefore Advance is in the same position as is Timex with respect to amending the pleadings as to these issues.

[Doc. #174].  The Court therefore finds that to the extent Advance did not consent to inclusion of Timex's proposed affirmative defense, Advance will not be prejudiced by its inclusion, and the motion to amend the pleading to include the affirmative defense of equitable estoppel is therefore granted.

### IV.	Proposed CUTPA Claim

Additionally, Advance aptly contests the proposed inclusion of Timex's claim for a violation of CUTPA.  While consent can be inferred from an opponent's failure to contest the admission of evidence relating to the proposed claim, the lack of an objection "does not imply consent to trial of the unplead issues, absent some obvious attempt to raise them."  Luria Bros., 780 F.2d at 1089.

It is unclear how Timex claims Advance impliedly consented to Timex's proposed CUTPA claim.  At trial, Timex did not indicate that it was trying a CUTPA claim, and Advance contends that it is inappropriate to infer implied consent from Advance's lack

7

of objection to evidence which Timex now claims is relevant to the CUTPA claim (e.g., evidence regarding minimum sales and royalty payments, and post-August 2005 efforts to maintain a branded clock product line for 2006) because, as Timex argued, such evidence was relevant to the Plaintiff's breach of contract claim. Advance also notes that it objected, on the basis of relevance, to Timex's introduction of evidence relating to actions in 2003 and 2004 that tends to support the party's desired CUTPA claim. The Court admitted the evidence on the basis of Timex's contention that it was relevant to its pending contract claim, and not on the basis of any other claim. Accordingly, Timex fails to demonstrate that Advance consented to the litigation of a CUTPA claim.

The Court next considers whether an amendment to include a CUTPA claim would prejudice Advance. Advance correctly invokes the Second Circuit's decision in Grand Light & Supply Co., Inc. v. Honeywell, Inc., 771 F.2d 672 (2d Cir. 1985). The Second Circuit held that a district court abused its discretion under Rule 15(b) when it allowed the plaintiff to amend a complaint after the trial's conclusion without allowing the defendants to present additional evidence:

> [The Franchise] Act defines good cause as including, but not "limited to the franchisee's refusal or failure to comply substantially with any material and reasonable obligation of the franchise agreement." Thus, the court's determination that Micro Switch had committed unfair trade practices was premised on evidence submitted by the parties for the purpose of addressing the question of whether Grand Light had failed to comply with the alleged franchise agreement. It is clear to us that a violation of the Franchise Act would not necessarily implicate the interests protected by CUTPA. Hence, the evidence that Micro Switch presented to challenge the Franchise Act claims might have differed significantly both in kind and in scope, from that which it would have used to counter the more general CUTPA claims. The fact that some CUTPA claims find some incidental support in the record does not suffice to justify the court's ruling based on plaintiff's post-trial theories of liability.

Id., at 680. Accordingly, the Court must consider whether the evidence that Advance

8

presented to challenge Timex's breach of contract claim would have differed significantly both in kind and in scope from what Advance would have used to counter Timex's CUTPA claims. Indeed, the Second Circuit has noted that amendment is appropriate in situations where "the material fact issues to be tried would have been exactly the same." New York State Elec. & Gas Corp. v. Secretary of Labor, 88 F.3d 98, 105 (2d Cir. 1996) (citing Federico Co. v. New Bedford Redevelopment Auth., 723 F.2d 122, 126 (1st Cir. 1983) (stating that "a change in the nature of the cause of action, is immaterial so long as the opposing party has not be prejudiced in presenting its case")).

Timex argues that Advance would not be prejudiced because the material fact issues would have been the same:

> [e]ach of Advance's breaches of the License Agreement . . . its engagement in the sale of Timex "knock-offs," and its efforts to convert customers from Timex products to Advance/Elgin products, individually and collectively constitute trade practice(s) that are unfair, immoral, unscrupulous, deceptive, and/or offensive to public policy, in violation of Gen. Stat. § 42-110a et seq., and which have caused Timex to suffer an ascertainable loss, for which Timex seeks compensatory and punitive damages, including reasonable attorney's fees.

[Doc. # 166, pg. 2-3]. Advance rightly notes however that its:

> approach to discovery and proof at trial could have been dramatically different, including, but not limited to, the "kind and scope" of proof concerning the alleged acts, calling witnesses (or deposing persons) named in the exhibits concerning their actions and intent, discovering when each such act occurred and focusing on Timex's proof of damages.

[Doc. # 169, pg. 6]. Similar to Second Circuit's conclusion in Grand Light that a "violation of the Franchise Act would not necessarily implicate the interests protected by CUTPA" 771 F.2d 672, at 680, the Court finds that the actions constituting Advance's alleged breach of contract would not necessarily amount to a CUTPA claim.

9

Further, several Connecticut court decisions underscore why post-trial amendment of a complaint asserting a breach of contract to also assert a CUTPA claim is generally prejudicial:

> Almost all current court decisions in which the issue is raised state that a simple breach of contract is insufficient to support a CUTPA claim. Courts have shown a willingness to strike CUTPA claims where there are no further specific allegations as to why a breach of contract was unfair or deceptive. The substantive requirement of additional facts in addition to breach may be coupled with a procedural requirement that a CUTPA claim be pleaded with particularity or at least specificity as to what facts are alleged to satisfy the claim of unfairness or deception. Combining the two requirements, that there be a claim of more than simple breach and that the bases of that claim be pleaded with specificity, can be the basis of a court's granting a motion to strike a claim based on a general allegation of breach of contract. This approach allows courts readily to dispose of claims in which the plaintiff makes only a general allegation of a CUTPA violation. A number of decisions have rejected the argument that a claim that a breach was "intentional" is an adequate allegation of an additional factor. A standard that almost all superior court decisions currently apply for a finding of unfairness is that the claimant must prove "substantial aggravating factors attending the breach."

12 Robert M. Langer, John T. Morgan, & David L. Belt, Connecticut Practice Series: Unfair Trade Practices § 4.3 (2d. ed. 2003); See Boulevard Assocs. v. Sovereign Hotels, Inc., 72 F.3d 1029. 1038-1039 (2d Cir. 1995); see also Digiorgio v. Garcia, No. CV01381800S 2002 WL 1539897 (Conn. Super. Ct. 2002) (where the court granted the defendant's motion to strike the plaintiff's CUTPA claim because the plaintiff alleged "nothing more than a breach of contract" even though the plaintiff contended that the defendant's actions were "immoral, oppressive, and unscrupulous.")

Accordingly, Advance would be prejudiced by this amendment, and the Court denies Timex's Motion to Conform the Pleadings to include a CUTPA claim.

**Conclusion**

Pursuant to the foregoing analysis, the Plaintiff and Counterclaim Defendant's Motion to Conform the Pleadings [Doc. #166] is hereby granted as to the breach of contract and breach of the implied covenant of good faith and fair dealing claims, and affirmative defenses of unclean hands and equitable estoppels, but denied as to the CUTPA claim.

        IT IS SO ORDERED.

        _____/s/_____

        Vanessa L. Bryant
        United States District Judge

Dated at Hartford, Connecticut: August 10, 2010